Signed and Filed: March 6, 2014



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>CHARLES J. SIGERSETH,<br><br>                           Debtor.<br>_____<br>CHARLES J. SIGERSETH,<br>                        Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>                        Defendant.<br>_____ | Bankruptcy Case<br>No. 10-34918DM<br><br>Chapter 7<br><br>Adversary Proceeding<br>No. 13-3049DM |

MEMORANDUM DECISION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

I. <u>INTRODUCTION</u>

    Plaintiff, Charles J. Sigerseth ("Sigerseth"), filed a Complaint for Determination of Dischargeability of Federal Tax Debt, etc., on March 25, 2013, commencing this adversary proceeding. In the complaint Sigerseth sought a declaration that the discharge granted to him in his Chapter 7 case discharged all pre-petition federal income taxes for the years 1995 through 2004.

    Defendant, United States of America ("IRS"), filed a Motion For Summary Judgement, seeking a determination that Sigerseth's

-1-

tax liability for the years 1995, 1996 and 1998-2002, were not discharged by virtue of his bankruptcy. The motion did not deal with 2003 or 2004 taxes. Sigerseth responded with his own Motion For Summary Judgment. IRS considered his motion as an opposition to its motion. No other papers were filed by the parties.

The matter came on before the court for oral argument on February 28, 2014. For the reasons stated below, IRS's motion is granted in part, as to tax years 1995, 1996 and 1998-2000. It is denied as to tax years 2001 and 2002.[1]

II. DISCUSSION

The sole issue before the court is weather Sigerseth's discharge in his Chapter 7 bankruptcy discharges his tax liability for the years in question. The starting point is 11 U.S.C. § 523(a)(1)(C). That provision of the Bankruptcy Code excepts from discharge of an individual any debt

> with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1)(C).

Sigerseth argues extensively that he has never been charged with filing fraudulent tax returns; that his criminal conviction (discussed below) should be set aside; that the District Court and the Court of Appeals disregarded contrary decisions by the United States Tax Court; and various statutes of limitations and other legal principles should lead this court to conclude that the taxes for the years in question have been discharged.

Sigerseth was convicted for conspiracy to defraud the United

---

[1] IRS concedes that 1997 taxes have been discharged.

States, 18 U.S.C. § 371, and attempted tax evasion, 26 U.S.C. § 7201.  That conviction was upheld on appeal by the United States Court of Appeals.  See United States v. Sigerseth, 304 Fed. Appx. 498 (9th Cir. 2008).  There the Court of Appeals stated that Sigerseth

> evaded his 1995-96 taxes by filing fraudulent returns; he evaded his 1998-2000 taxes by not filing any returns at all (until caught by the IRS years later).  The record supports the district court's determination that these two stratagems were part of a common scheme for tax evasion.

Id. 499-500.

Much of Sigerseth's argument against the IRS is that he was not even indicted until after he filed his tax returns for the subject years, and that at no time has he ever been the subject of civil proceedings charging him with filing fraudulent returns.  He overlooks the fact that the Bankruptcy Code section cited above reads in the alternative, rendering nondischargeable tax liabilities with respect to which the debtor "made a fraudulent return" or, in the alternative, "wilfully attempted in any manner to evade or defeat such tax."  While the Court of Appeals decision perhaps inartfully states that Sigerseth evaded his taxes by filing "fraudulent returns," the overriding thrust of the decision, and the underlying conviction, was that he evaded the 1995-1996 taxes by his conduct and he evaded his 1998-2000 taxes by not filing returns at all.  These consequences fall squarely within the alternative phrase of § 523(a)(1)(C), namely, that he "wilfully attempted to in any manner to evade or defeat such tax."

The decision is final and this court, like Sigerseth, is bound by it as a matter of issue preclusion.

For the foregoing reasons this court concludes that whatever

-3-

liability Sigerseth has arising out of those five years, his discharge in Chapter 7 bankruptcy is of no consequence and all of that liability remains excepted from discharge.[2]

For 2001 and 2002, IRS does not have a final criminal conviction to rely on, but instead points to statements Sigerseth made in his criminal trial to the effect that his insurance business was "fantastic" in 2001 and 2002, and that he was making a profit. Further, despite that profit his tax returns for 2001 and 2002 were false in that they reported zero dollars and $15,029, respectively. It also appears that not much later, by early or mid-2003, Sigerseth had lost substantial sums of money in a failed Nigerian oil venture and that his business was destroyed.

From these bare factual recitals the IRS would have this court conclude as a matter of law that the tax liability, whatever it is, for 2001 and 2002, had to be either the subject of a fraudulent return or a willful attempt to evade or defeat the taxes for those two years. This is inherently a material factual determination. On this record the court cannot conclude that the tax liability for 2001 and 2002 come within Bankruptcy Code section 523(a)(1)(C). Accordingly, that portion of the IRS's motion for summary judgment must be denied.

Sigerseth's motion offers nothing to overcome the consequences of the nondischargeability of taxes for 1995, 1996, and 1998-2000. Further, to the extent that he seeks such extreme remedies of reversal of his criminal conviction or otherwise, this court is without authority or jurisdiction to afford him any

---

[2] IRS has admitted that all penalties, including any fraud penalties, are encompassed within Sigerseth's discharge.

-4-

relief.

III. <u>CONCLUSION</u>

    For the foregoing reasons, the court grants the IRS motion for summary judgment in part, and denies it in part.  It denies Sigerseth's motion in its entirety.  As a matter of partial summary judgment, Sigerseth's taxes for 1995-1996 and 1998-2000 (but not any fraud penalties) are not discharged.  The court makes no determination as to any other tax years.

    An order on the cross-motions is being filed concurrently herewith.

**END MEMORANDUM DECISION**

Case: 13-03049    Doc# 32    Filed: 03/06/14    Entered: 03/07/14 09:50:11    Page 5 of 6

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Charles J. Sigerseth |
| | 255 Wedgewood Dr. |
| 3 | Lenoir City, TN 37772 |